[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case, in which the plaintiff seeks foreclosure of two mortgages and other relief, comes before the court for trial on the merits. The case was instituted by Union Trust company. At trial, the plaintiff presented evidence of a formal corporate name change that was duly entered on the land records in both municipalities in which the mortgaged real estate is located. The court granted the plaintiff's motion to amend the complaint to reflect that the present name of the plaintiff as holder of the mortgages and notes at issue is First Fidelity Bank ("bank"). The defendants are Schiavone Realty and Development Corporation, ("SRDC") The Schiavone Corporation, Connecticut Limousine Service, Inc., and Joel Schiavone.
In its complaint, the plaintiff alleges that the defendants are in default of their obligations as to a number of loans.
Trial was held on April 18, 1995. Counsel had been notified to file trial briefs on the date of trial but failed to do so. Upon the request of counsel for additional time to file briefs, the court ordered the briefs be filed by May 1, 1995. The court noted that no provision would be made for reply briefs. Nevertheless, the plaintiff filed an additional submission and even appended to it evidence not presented at trial. The court will not consider this submission, which was filed without leave of the court and in disregard for the principle that evidence must be submitted to the court in open court in order to allow opponents a fair opportunity to object or to counter the evidence presented. Since the plaintiff's post-trial submission will not be considered, the defendant's request for several weeks' continuance to file a reply brief is denied.
The court finds that the plaintiff proved at trial that through negotiations culminating in a written agreement dated June 30, 1992 (Ex. A) the plaintiff and the defendants agreed to CT Page 5757 a restructuring of certain obligations of the defendants to the plaintiff that had been entered into at various times beginning in 1986.
Transaction #1 (1986 Mortgage)
The court finds that pursuant to the terms of the June 30, 1992 agreement, defendant Schiavone Realty and Development Co. ("SRDC") was obligated to pay the bank $1,071,110. as to a note dated February 21, 1986, with payment of principal as well as interest to be made each month from June 1, 1993 through May 1, 1999. This obligation is secured, inter alia, by mortgage interests in property known as 10 Brewery Street in New Haven and 113 Mill Plain Road in Danbury. Counsel and witnesses referred at trial to another address, 109 Mill Plain Road in Danbury. The mortgage does not identify "parcel II" by street address; however, other exhibits in evidence lead to the conclusion that "Parcel II" is 109 Mill Plain Road.
The court finds that on September 1, 1993 the defendant SRDC paid interest but no principal as to this loan and that for several months thereafter SRDC likewise failed to make in full the payments that were due. The court finds that SRDC is in default as to this note and that the bank never agreed to accept payment of interest only.
Though SRDC asserts that it had discussed with the bank the possible impact of certain contingent liabilities, the written agreement that resulted from these negotiations, Exhibit A, contains no agreement to forebear from remedies in the event the borrowers experienced financial difficulties or in the event of the ripening of other liabilities.
Moreover, at paragraph 21 of the agreement, Exhibit A, the parties agreed that that document "constitutes the entire and final agreement among the parties hereto and there are no other agreements, understandings, representations or warranties among the parties hereto except the other Loan Documents which are incorporated herein by reference." Under these circumstances, the court can give no effect to the purported understanding described by the defendants. See Tie Communications, Inc. v. Kopp,218 Conn. 281, 288 (1991).
The 1986 mortgage, Exhibit E, provides at § 301 that in the event of a default the indebtedness would become immediately CT Page 5758 due and payable upon a declaration in writing by the mortgagee, with no further notice or demand.
When the parties agreed to modify the debtors' obligations in June 1992, they modified that requirement. Exhibit A, at § 11, pages 21-22, provides that upon the occurrence of an event of default, "all of the Liabilities, together with interest thereon, and all costs, fees and expenses payable with respect thereto, shall be absolutely due and payable without notice on demand or any further action on Union Trust's part, and Union Trust shall have the right to avail itself of any and all remedies available to it under the loan documents or under applicable law with respect to non-payment of the liabilities, all of which rights and remedies shall be cumulative and not exclusive."
Though the defendants claim that the plaintiff has failed to fulfill a condition precedent by failing to make a written declaration of default, the court finds that this requirement was superseded by the June 1992 modification cited above, and that the bank has not failed to fulfill any applicable condition to pursuit of its remedies.
The defendants' special defenses are thus without merit.
The court finds that Connecticut Limousine Service Inc. and the Schiavone Corporation guaranteed payment of this obligation and that they failed to pay the bank pursuant to their guarantees and are in default of their obligations pursuant to Exhibit A.
The court finds that principal in the amount of $354,464.59 is due as to this loan, plus interest from September 1, 1993 through April 18, 1995 (the date of trial) in the amount of $66,445.81 and further interest at the rate of $128.00 per day to the date of judgment.
Transaction #2 (1990 mortgage)
By an open-ended mortgage deed and security agreement dated July 18, 1990 (Ex. S) and modified by an agreement dated June 30, 1992 (Ex. T), defendant SRDC mortgaged 10 Brewery Street, New Haven to the bank. Exhibit S states that the mortgage applies also to premises situated in the city of Danbury, described in Schedule A. The definition of "mortgaged premises" in the text of Exhibit S does not set forth a street address but merely refers to the premises "described in detail in Schedule A." The CT Page 5759 photocopy of that schedule filed with Exhibit S as a trial exhibit describes only the premises in New Haven. As far as the documentary record reveals, therefore, 10 Brewery Street is the only property subject to the 1990 mortgage. The pleadings do not supply the missing identification.
In its answer, SRDC admitted execution of a document referred to as "Exhibit N" which was not appended to the plaintiff's amended complaint, but was separately provided to the defendants for their use in preparing their answers to the allegation in the complaint. The bank did not adopt the same designation for exhibits at trial as in its complaint. Consequently, this admission supplies the court with no basis to determine the actual premises located in Danbury mortgaged by SRDC on July 18, 1990, and the court must conclude that the plaintiff has proved a mortgage interest only in 10 Brewery Street as security for this transaction.
The mortgage deed, Ex. S, as modified by Ex. T, secured,inter alia, 1) a $1,000,000. note from SRDC in favor of the bank dated June 30, 1992 (Ex. I), 2) a note in the amount of $1,225,000. from the Schiavone Corporation to the bank (Ex. H) that was guaranteed by SRDC, Connecticut Limousine Service, Inc., and Joel Schiavone, and 3) a promissory note from Connecticut Limousine Service in favor of the bank dated June 30, 1992 in the amount of $975,000. (Ex. J.) guaranteed by SRDC, the Schiavone Corporation and Joel Schiavone.
The makers of these notes defaulted on September 1, 1993 and the guarantors failed to make the payments due.
As to the note that is Exhibit H, the court finds that the principal amount due is $1,204,583.32 and that interest is due to the date of trial (April 18, 1995) in the amount of $224,303.46 plus interest from that date to the date of judgment in the amount of $434.99 per day.
As to the note that is Exhibit I, the court finds that the principal amount due is $983,337.32 and that interest is due to the date of time (April 18, 1995) in the amount of $183,104.86 plus interest from that date to the date of judgment in the amount of $355.09 per day.
The court does not find that the bank agreed to defer or reduce payments or to accept payments of less than the full CT Page 5760 amounts due as of September 1, 1993 or thereafter.
Remedies
As of the date of trial, SRDC in its various capacities as maker and guarantor of the obligations described above is indebted to the bank in the amount of $3,016,239.20.
As of the date of trial, the value of the New Haven property at 10 Brewery Street that was subject to the 1986 mortgage was $800,000.00.
The other two properties mortgaged in 1986, 109 and 113 Mill Plain Road, in Danbury, were encumbered by a prior mortgage to the seller. As of the date of trial, $1,675,000. in principal and $8,375.00 in interest was owed to the prior mortgagee.
The value of 109 Mill Plain Road as of the date of trial is found to be $1,700,000.00.
The value of 113 Mill Plain Road as of the date of trial is found to be $1,100,000.00.
The plaintiff has established that the defendant's obligations to it that are secured by the two mortgages as to 10 Brewery Street by far exceed in amount the value of that property. Accordingly, the plaintiff is entitled to a judgment of strict foreclosure of the 1990 mortgage as to 10 Brewery Street, New Haven.
The debts described as "Transaction 2" above are secured not by the 1986 mortgage but by the 1990 mortgage.
As is discussed above, the plaintiff has failed to prove that the obligations described as "Transaction 2" above were secured by a mortgage as to 109 and 113 Mill Plain Road in Danbury. Rather, Exhibit S contains a property description only of 10 Brewery Street and fails to identify by street address or by metes and bounds any premises in Danbury as the specific premises to which the grantor was granting a mortgage interest to the plaintiff bank.
It is well settled that a mortgage in unenforceable without identification of the mortgaged property. State v. Hahn,207 Conn. 555, 562 (1988). The plaintiff did not present the court CT Page 5761 with a certified copy of the mortgage deed entered on the land records, and the record is silent as to the property as to which the mortgage was recorded as an encumbrance. Accordingly, the validity of the encumbrance cannot be determined in the manner recognized in First Constitution Bank v. Harbor Village, Ltd.,Partnership, 230 Conn. 807, 813 (1994).
Under the circumstance, the plaintiff has proven entitlement only to foreclosure of its mortgage interest in 10 Brewery Street, New Haven. Its 1986 mortgage interest as to 109 and 113 Mill Plain Road in Danbury did not secure the obligations described above as "Transaction 2".
A judgment of strict foreclosure only of the 1990 mortgage as to 10 Brewery Street, New Haven shall enter. Law days for redemption shall commence on June 13, 1995 in reverse order of priority.
The court will conduct a hearing on Friday, June 2, 1995 at 2:00 p.m. to determine the identity of the premises in Danbury mentioned in Exhibit S.
Beverly J. Hodgson Judge of the Superior Court